Fox Rothschild LLP
*Formed in the Commonwealth of Pennsylvania*
Andrew J. Karas NJ 37931987
Marissa Koblitz Kingman NJ 110542014
Attorneys for Plaintiff, Linus Holding Corporation
49 Market Street
Morristown, New Jersey 07960
973.992.4800 (phone)
973.992.9125 (fax)
akaras@foxrothschild.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINUS HOLDING CORP., | Civil Action No. |
| *Plaintiff*, | **VERIFIED COMPLAINT AND JURY DEMAND** |
| vs. | |
| MARK LINE INDUSTRIES, LLC, MOSAIC CAPITAL GROUP, LLC, C. CHRISTOPHER REMKE, and JOSEPH C. BLOCKNO, | **Electronically Filed** |
| *Defendants*. | |

Plaintiff, Linus Holding Corp., by way of Verified Complaint and Jury Demand against the defendants, Mark Line Industries, LLC, Mosaic Capital Group, LLC, C. Christopher Remke, and Joseph C. Blockno, hereby alleges and says:

**THE PARTIES**

1. Plaintiff, Linus Holding Corp. ("Linus Holding"), is a New York corporation, having its principal place of business located at 603 Mattison Avenue, 4th Floor, Asbury Park, New Jersey and is in the business of acquiring and developing real property.

45563269

2. At all times mentioned herein, plaintiff, Linus Holding, is, and has been, the owner of property located at 700 Bangs Avenue, in the City of Asbury Park, County of Monmouth, and State of New Jersey (the "700 Bangs Avenue Property").

3. Defendant, Mark Line Industries, LLC ("Mark Line"), having its principal place of business located at 51687 County Road 133, Bristol, Indiana, is a custom fabricator of modular units and buildings.

4. Defendant, Mosaic Capital Group, LLC ("Mosaic Capital"), having its principal place of business located at 121 South Orange Avenue, Suite 1527, Orlando, Florida, is the parent company of defendant, Mark Line.

5. Defendant Joseph C. Blockno ("Blockno") is the founder and Managing Principal of Mosaic Capital.

6. Defendant C. Christopher Remke ("Remke") is the President and CEO of Mosaic Capital.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves a dispute among citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this district under 28 U.S.C. §1391 because: (1) the Plaintiff resides in this district; and (2) a substantial part of the events or omissions giving rise to the claims herein accrued in this district.

45563269

**FACTS COMMON TO ALL COUNTS**

9. In or about November, 2015, plaintiff, Linus Holding, obtained approvals from the City of Asbury Park to erect a mixed-use building at the 700 Bangs Avenue Property, which development includes forty-eight (48) residential units.

10. After obtaining approval for the project at the 700 Bangs Avenue Property, plaintiff, Linus Holding, entered into an Agreement (the "Agreement'), dated October 7, 2016, with Mark Line, to purchase modular units for the project.

11. The negotiations for the Agreement on behalf of defendant, Mark Line, were conducted by and through the defendants, C. Christopher Remke and Joseph C. Blockno, the managing principals and/or officers of defendant, Mosaic Capital.

12. Pursuant to Paragraph 35 of the Agreement, Mark Line was obligated to obtain Performance and Payment Bonds (the "Bonds") in an amount equal to the contract price of $3,950,000.00, to protect the interests of Linus Holding by guaranteeing performance by Mark Line, and guaranteeing payment by Mark Line to its subcontractors and materialmen.

13. Paragraph 35 of the Agreement further stated that obtaining the Bonds was a condition precedent to the obligation on the part of Linus Holding to pay the 20% deposit called for under the Agreement and that the failure to timely obtain the Bonds was a material breach under the Agreement and grounds for termination.

14. On or about October 12, 2016, in anticipation of Mark Line issuing the Bonds, Linus Holding tendered to Mark Line the 20% deposit in the amount of $790,000.00.

15. During negotiations of the Agreement, Blockno had represented that a 20% deposit was necessary to cover the cost of purchasing materials for the project.

45563269

16. Earlier in the year Linus Holding had also tendered to Mark Line, the sum of $37,125.00 to prepare design drawings for the modular units.

17. At the time the 20% deposit was tendered, Linus Holding expected that the Bonds required to be furnished under the Agreement would be promptly issued by Mark Line.

18. Mark Line however, failed to furnish Bonds upon receipt of the 20% deposit or any time thereafter.

19. Unbeknownst to Linus Holding at the time of execution of the Agreement, Mark Line had, at most, nominal ability with which to perform in accordance with the terms of the Agreement.

20. When entering into the Agreement with Linus Holding, and upon taking the deposit, Mark Line had insufficient funds and/or capital upon which to obtain the Bonds required under the terms of the Agreement.

21. Only after the Agreement was signed and after Mark Line had received the 20% deposit, was it represented, by and through Blockno, as Managing Director and Principal of Mosaic Capital, that the capital and/or liquidity necessary to furnish the Bonds would be coming from Mosaic Capital and other related companies.

22. In early December, 2016, Blockno, on behalf of Mosaic Capital, provided the "consolidated financials" of the parent and related companies of Mark Line, as verification of the ability to obtain the Bonds.

23. During the five-month period after the Agreement was executed, Blockno, deceptively continued to mislead Linus Holding that the Bonds were approved or were in the process of being issued.

24. Mark Line and Mosaic Capital, however, have failed and/or refused to furnish the Bonds as required under the terms of the Agreement.

25. The absence of protection for Linus Holding in the event of a default by Mark Line, is precisely the peril that followed from the failure by the defendants to obtain the Bonds.

26. On or about March 24, 2017, Linus Holding provided notice to Mark Line and Mosaic Capital (1) terminating the Agreement for failure to obtain the Bonds, and (2) demanding an immediate return of the 20% deposit of $790,000 as well as the sum of $37,125.00 for the design drawings which the Mark Line failed to prepare.

27. Despite demand, Mark Line and Mosaic Capital have refused, and continue to refuse, to return to Linus Holding the total sum of $827,125.00.

## COUNT ONE
**(Breach of Contract)**

28. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

29. Linus Holding entered into a valid, fully enforceable and legally binding Agreement with Mark Line.

30. By reason of its failure to obtain the Bonds, Mark Line has committed a material breach of the terms and conditions of the Agreement.

31. As a direct and proximate result of the foregoing, Linus Holding has suffered, and continues to suffer, damages, including, but not limited to, consequential and incidental damages.

## COUNT TWO
**(Conversion)**

32. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

45563269

33. Mark Line and/or Mosaic Capital converted the 20% deposit tendered by Linus Holding for its own use without obtaining the Bonds, which were required as a condition precedent to payment of the deposit.

34. As a result, Linus Holding has suffered, and continues to suffer, damages, including, but not limited to, consequential and incidental damages.

## COUNT THREE
### (Unjust Enrichment)

35. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

36. Mark Line and/or Mosaic Capital failed to provide the goods and services required under the terms of the Agreement.

37. As a result of the foregoing, Mark Line and/or Mosaic Capital, have been unjustly enriched at the expense of Linus Holding.

38. Retention of the monies tendered by Linus Holding to Mark Line and/or Mosaic Capital would be unjust.

39. As a result, Linus Holding has suffered, and continues to suffer, damages, including, but not limited to, consequential and incidental damages.

## COUNT FOUR
### (Alter Ego)

40. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

41. Mosaic Capital so controlled and/or dominated Mark Line including, but not limited to, the business transaction entered into with Linus Holding, that Mark Line merely served as a conduit for Mosaic Capital.

42. Having insufficient capital on its own, Mark Line was dependent upon Mosaic Capital for sufficient capital with which to operate and/or to perform under the terms of the Agreement, including the capital needed to furnish the required Bonds.

43. The obligation of Mosaic Capital to provide capital for the Bonds and/or to otherwise provide capital for Mark Line to operate and/or to perform its obligations under the Agreement was indistinguishable from Mark Line's obligations to perform under the terms of the Agreement.

44. Mosaic Capital thus served as the alter ego of Mark Line.

45. Mosaic Capital abused its position as the parent of Mark Line, by failing to provide sufficient capital for Mark Line to meet its obligations to operate and/or to perform under the terms of the Agreement, including its refusal to furnish the Bonds required under the Agreement.

46. Having insufficient capital with which to obtain the Bonds, as well as insufficient capital with which to operate so as to perform under the terms of the Agreement, Mark Line committed a material breach of the terms and conditions of the Agreement.

47. As a result, Linus Holding has suffered, and continues to suffer, damages, including, but not limited to, consequential and incidental damages.

## COUNT FIVE
### (Piercing the Corporate Veil)

48. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

49. Mosaic Capital, by and through Blockno and Remke, negotiated a transaction on behalf of Mark Line, the terms of which Mark Line was incapable of performing.

50. Mosaic Capital thus forced Mark Line into a transaction in disregard of its ability to perform in accordance with the terms of the Agreement.

51. The exercise of control by Mosaic Capital relative to the transaction surpassed the mere incidence of ownership by Mosaic Capital of Mark Line.

52. As a result, Mosaic Capital is directly liable for the damages Linus Holding has suffered, and continues to suffer, including, but not limited to, consequential and incidental damages.

## COUNT SIX
**(Breach of the Duty of Good Faith and Fair Dealing)**

53. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

54. As a party to a contractual relationship, Mark Line owed Linus Holding an implied duty of good faith and fair dealing.

55. The implied duty of good faith and fair dealing provides that each party to a contractual relationship will not do anything that will deprive the other parties of the benefits of their bargain, and breach of this duty gives rise to an action for damages.

56. Mark Line breached the duty of good faith and fair dealing by entering into the Agreement with Linus Holding and accepting the monies tendered by Linus Holding without the intention and/or having the ability to fulfill its obligations under the terms of the Agreement.

57. As the alter ego of Mark Line, Mosaic Capital is also liable for the breach of the duty of good faith and fair dealing owed to Linus Holding by failing and/or refusing to furnish the Bonds.

58. The breach by the Mark Line and/or Mosaic Capital of the duty of good faith and fair dealing has caused Linus Holding to suffer damages, including, but not limited to lost profits, consequential damages, and harm to its reputation and good will.

**COUNT SEVEN**
**(Fraudulent Inducement and Misrepresentation)**

59. Linus Holding repeats each and every allegation contained in the preceding paragraphs of its Complaint as though set forth at length herein.

60. Blockno, with Remke's knowledge, represented during negotiations for the Agreement that a 20% deposit was necessary to cover the cost of purchasing materials for the project.

61. In anticipation of obtaining payment and performance bonds from Mark Line, as required under the terms of the Agreement, Linus Holding tendered to Mark Line a deposit in the amount of $790,000.

62. Blockno, Remke, Mosaic Capital and Mark Line failed to disclose both prior to execution of the Agreement and prior to receipt of the 20% deposit that Mark Line had insufficient capital and/or funds with which to perform under the terms of the Agreement, including the required capital and/or funds needed to furnish the Bonds.

63. Blockno, Remke, Mosaic Capital, and Mark Line, also failed to disclose both prior to execution of the Agreement and prior to receipt of the 20% deposit that Mark Line was dependent and/or reliant upon the capital and/or liquidity of its "parent companies", and namely Mosaic Capital, to furnish the Bonds.

64. The obligation of Mosaic Capital to provide capital for the Bonds and/or to otherwise provide capital for Mark Line to operate and/or to perform its obligations under the Agreement was indistinguishable from Mark Line's obligations to perform under the terms of the Agreement.

45563269

65. Blockno and Remke also failed to disclose to Linus Holdilng that Mark Line was only nominally operating and not fully functioning and/or capable of manufacturing the modular units in accordance with the specifications set forth in the Agreement.

66. After the Agreement was signed and after receiving the 20% deposit tendered by Linus Holding, Blockno and Remke repeatedly assured Linus Holding that the parent companies of Mark Line, including Mosaic Capital, were sufficiently capitalized and/or had sufficient funds with which to provide the required Bonds.

67. After the Agreement was signed and after receiving the 20% deposit tendered by Linus Holding, Blockno and Remke repeatedly and deceptively continued to mislead Linus Holding by representing that the Bonds were approved or in the process of being approved.

68. Blockno and Remke also failed to disclose to Linus Holding that Mark Line was only nominally operating and not fully functioning and/or capable of manufacturing the modular units in accordance with the specifications set forth in the Agreement.

69. Mark Line failed to prepare any design drawings for the project, failed to purchase any materials for the project, and failed to obtain the necessary Bonds as required under the terms of the Agreement.

70. Mark Line converted the funds tendered by Linus Holding for its own use.

71. Blockno, Remke, Mosaic Capital, and Mark Line knew that the aforesaid representations to Linus Holding were false when made and/or that material information was not disclosed to Linus Holding.

72. Blockno, Remke, Mosaic Capital, and Mark Line intended for Linus Holding to rely on the aforesaid omissions and/or false statements as an inducement to enter into the Agreement and to tender the funds paid to Mark Line.

45563269

73. Had Linus Holding known that the Mark Line did not have the ability to perform under the terms of the Agreement, including having insufficient capital and/or funds to furnish the Bonds, Linus Holding would not have entered into the Agreement with Mark Line.

74. In reasonable reliance, Linus Holding entered into the Agreement with Mark Line and tendered the 20% deposit.

75. As a result, Linus Holding has suffered an ascertainable loss.

## COUNT EIGHT
### (Negligent Misrepresentation)

76. Linus Holding repeats each and every allegation contained in the preceding paragraphs of this Complaint as though set forth at length herein.

77. All negotiations for the Agreement on behalf of Mark Line were conducted by and through Blockno and Remke, the managing principals and/or officers of Mosaic Capital.

78. Prior to the deposit being tendered by Linus Holding, Mosaic Capital, by and through Blockno and Remke, had every opportunity to advise Linus Holding that Mark Line was without the necessary capital and/or funds to furnish the Bonds and/or otherwise perform under the terms of the Agreement.

79. Defendants' silence as to the ability of Mark Line to furnish the Bonds induced and/or invited Linus Holding to tender the deposit monies to Mark Line.

80. Defendants' silence thus left Linus Holding without the very protection offered by the Bonds necessary to cover the precise peril that followed from the failure to obtain the Bonds.

81. After the Agreement was executed, Blockno, with Remke's knowledge, repeatedly assured Linus Holding that the parent companies of Mark Line, including Mosaic Capital, were sufficiently capitalized and/or had sufficient funds with which to provide the required Bonds.

45563269

82. Defendants owed a duty of care to Linus Holding to disclose that Mark Line was without the necessary capital and/or funds to furnish the Bonds and/or otherwise perform under the terms of the Agreement.

83. Defendants breached the duty owed to Linus Holding.

84. As a result of the foregoing, Linus Holding has suffered an ascertainable loss.

## COUNT NINE
### (New Jersey Consumer Fraud Act)

85. Linus Holding repeats each and every allegation contained in the preceding paragraphs of this Complaint as though set forth at length herein.

86. The New Jersey Consumer Act, N.J.S.A. 56:8–1, et seq., provides that any person, including a corporation, business entity or company, who has suffered unconscionable or fraudulent practices in the marketplace has standing to pursue a private right of action.

87. Blockno, Remke, Mosaic Capital and Mark Line failed to disclose both prior to execution of the Agreement and prior to receipt of the 20% deposit that Mark Line had insufficient capital and/or funds with which to perform under the terms of the Agreement, including the required capital and/or funds needed to furnish the Bonds.

88. Blockno, Remke, Mosaic Capital, and Mark Line, also failed to disclose both prior to execution of the Agreement and prior to receipt of the 20% deposit that Mark Line was dependent and/or reliant upon the capital and/or liquidity of its "parent companies", and namely Mosaic Capital, to furnish the Bonds.

89. By failing to disclose to Linus Holding that Mark Line had insufficient capital and/or funds with which to perform under the terms of the Agreement, including the required capital and/or funds needed to furnish the Bonds, and that Mark Line was dependent and/reliant upon the capital and/or liquidity of its "parent companies" to furnish the Bonds, Mark Line and

Mosaic Capital, by and through their agents, Blockno and Remke, have engaged in unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentation and omission, relative to the sale of modular units to Linus Holding.

90. Mark Line and Mosaic Capital, by and through their agents, Joseph C. Blockno, and C. Christopher Remke, further engaged in unconscionable practices, deception, fraud, false pretenses, false promises, misrepresentation and omission, by repeatedly and deceptively continuing to mislead Linus Holding, that the Bonds were approved or in the process of being approved.

91. Mark Line and Mosaic Capital, by and through their agents, Blockno and Remke, had knowingly made misrepresentations and/or concealed, suppressed, and omitted material facts with the intent to induce reliance upon Linus Holding to tender funds for the purchase of modular units.

92. As a result of the foregoing, Linus Holding has suffered an ascertainable loss.

## COUNT TEN
### (Accounting of Funds)

93. Linus Holding, repeats each and every allegation contained in the preceding paragraphs of this Complaint as though set forth at length herein.

94. Mark Line and Mosaic Capital are in possession of monies totaling $827,125.00 that rightfully belong to Linus Holding.

95. Linus Holding is entitled to an accounting of the monies tendered by Linus Holding to Mark Line and Mosaic Capital.

## PRAYER FOR RELIEF

WHEREFORE, Linus Holding demands judgment against defendants, Mark Line, Mosaic Capital, Blockno and Remke, jointly and severally, as follows:

45563269

a. Issuing a preliminary injunction enjoining and restraining the defendants from transferring funds and/or otherwise dissipating assets by imposing a constructive trust on the assets of the Mark Line and Mosaic Capital;

b. Compelling Mark Line and Mosaic Capital, to provide an accounting of the monies received from Linus Holding including, but not limited to, the receipt, transfer, and/or use or dissipation of said funds;

c. Awarding Linus Holding compensatory damages in an amount to be determined at trial;

d. Awarding Linus Holding consequential and incidental damages;

e. Awarding Linus Holding, treble damages, attorney's fees and court costs for the claims asserted under the New Jersey Consumer Fraud Act, in an amount to be determined at trial;

f. Awarding Linus Holding punitive damages for the claims asserted for conversion and fraud, in an amount to be determined at trial;

g. Awarding Linus Holding pre- and post-judgment interest, costs of suit and reasonable attorney's fees;

h. Awarding Linus Holding such other and further relief as the court deems just and proper.

## RESERVATION OF RIGHTS

Linus Holding hereby expressly reserves the right to amend the foregoing pleadings, including, but not limited to, the addition of defendants as their identities become known.

**FOX ROTHSCHILD, LLP**
Attorneys for Plaintiff


/s/ Andrew J. Karas
Andrew J. Karas, Esq.

Dated: May 22, 2017

45563269

## JURY DEMAND

The plaintiff, Linus Holding Corp., hereby requests a trial by jury in this matter.

                              **FOX ROTHSCHILD, LLP**
                              Attorneys for Plaintiff

                              /s Andrew J. Karas
                              Andrew J. Karas, Esq.

Dated:  May 22, 2017

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration, or administrative proceeding.

                              /s/ Andrew J. Karas
                              Andrew J. Karas, Esq.

45563269

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, the undersigned, being a duly-authorized representative of Linus Holding Corp., declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Carter Sackman, President
Linus Holding Corp.

DATE: 5-22-17