UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| LINUS HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> MARK LINE INDUSTRIES, LLC, <br> C. CHRISTOPHER REMKE, and JOSEPH C. BLOCKNO, <br><br> Defendants. | CIVIL ACTION NO. 3:17-CV-03694-FLW-DEA |

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S APPLICATION TO BE RELIEVED AS COUNSEL AND IN SUPPORT OF PLAINTIFF'S CROSS MOTION TO COMPEL DISCOVERY**

> **FOX ROTHSCHILD LLP**
> Andrew J. Karas NJ 37931987
> Marissa Koblitz Kingman NJ 110542014
> 49 Market Street,
> Morristown, New Jersey
> (973) 548-3316 (telephone)
> Email: akaras@foxrothschild.com
> Email: mkingman@foxrothschild.com
> (973) 992-9125 (facsimile)
> *Attorneys for Plaintiff, Linus Holding Corp.*

On the Brief:
Andrew J. Karas, Esq.
Marissa Koblitz Kingman, Esq.

52612601

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ..................................................................................................1

FACTUAL BACKGROUND................................................................................................1

LEGAL ARGUMENT .........................................................................................................4

CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Hickman v. Taylor,
 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ................................................................. 5

Jones v. DeRosa,
 238 F.R.D. 157 (D.N.J. 2006) ............................................................................................... 5

McLaughlin v. Phelan Hallinan & Schmieg, LLP,
 756 F.3d 240 (3d Cir. 2014) .................................................................................................. 6

Stepanski v. Sun Microsystems, Inc.,
 No. CIV.A. 10-2700 PGS, 2011 WL 8990579 (D.N.J. Dec. 9, 2011) ................................... 5

**Rules**

F.R.C.P. 26(b)(1) ......................................................................................................................... 5

F.R.C.P. 37 ............................................................................................................................... 1, 6

F.R.C.P. 37(b)(2)(A)(C) .............................................................................................................. 6

Plaintiff, Linus Holding Corp. ("Linus" and/or "Plaintiff"), by and through its undersigned counsel, Fox Rothschild LLP, submits the following Memorandum of Law in response to the motion filed by Henry Reichner, Esq. to be relieved as counsel for defendant, Mosaic Capital Group, LLC ("Mosaic"), and in support of Mosaic's application to compel Mosaic's sole manager to fully respond to the discovery served by Linus, pursuant to F.R.C.P. 37.

## PROCEDURAL HISTORY

On or about May 24, 2017, Plaintiff filed a and Order to Show Cause and Verified Complaint against Mosaic, Joseph C. Blockno ("Blockno"), C. Christopher Remke ("Remke") and Mark Line Industries, LLC ("Mark Line"). Thereafter, Plaintiff served discovery requests upon all parties. Discovery responses were due on November 16, 2017. Plaintiff has requested the discovery responses from all defendants numerous times since November 16, 2017. (See Certification of Andrew J. Karas, dated January 2, 2018, Exhibits A through K.). On or about December 20, 2017, Mr. Reichner, on behalf of Joseph Blockno, sent correspondence enclosing a Declaration from Blockno which purports to provide partial answers to Plaintiff's interrogatories. (See Certification of Andrew J. Karas, dated January 2, 2018, Exhibit K). Blockno, the Managing director and Principal of Mosaic, claims in his Declaration that he is unable to meaningfully respond to Plaintiff's interrogatories since he has had no access to his Mosaic email account since August 2017. He further claims that he has no documents in his custody or control responsive to Plaintiff's document demands. To date, Linus Holding has received **no** other discovery responses from **any** party. Counsel for Mosaic now seeks to withdraw as counsel for Mosaic.

## FACTUAL BACKGROUND

The Verified Complaint filed by Plaintiff asserts that on October 7, 2016, following negotiations between representatives of Plaintiff, including Remke and Blockno, the managing principals and directors of Mosaic, Plaintiff entered into an agreement with Mark Line to purchase

1

52612601

modular units for a residential development project in Asbury Park, New Jersey. On October 12, 2016, Plaintiff tendered a 20% deposit in the amount of $790,000.00 to Mark Line. Pursuant to the terms of the written agreement entered into between the parties, as a condition precedent to the deposit, Mark Line was obligated to obtain Performance and Payment Bonds guaranteeing performance by Mark Line. Mark Line, however, failed to obtain the bonds. Further, Mark Line failed to perform any work required under the terms of the agreement. Instead, it closed its doors and ceased operating in April, 2017. Plaintiff's deposit vanished.

Blockno, Mosaic's self-described Principal and Managing Principal, negotiated key terms of the agreement with Plaintiff on behalf of Mosaic and Mark Line. In an email dated August 1, 2016, Blockno outlined the following proposal relative to the deposit monies for the deal: "Based on the above I want to propose the following to you as an outline request to resolve an agreeable draw schedule in proceeding; 1) Upon execution of the PO we receive a 20% deposit against contract price. . .We can also price in and provide a performance bond if that is a desire to you and your bank?" These terms became an integral part of the final agreement.

Plaintiff alleges in its Verified Complaint that Mark Line, upon entry into the agreement with Plaintiff, was incapable of performing under the terms of the agreement. It had insufficient capital upon which to obtain the bonds as required under the terms of the agreement entered into with Plaintiff. Rather, it was entirely dependent upon Mosaic for capital to both operate and to perform under the terms of the agreement entered into with Plaintiff. Blockno admitted as much in an email he sent to Plaintiff's representatives on December 5, 2016. Blockno attached to his email a spreadsheet containing the "consolidated financials" of BMB Investments, LLC as of October 1, 2016. (See Sackman Declaration, Exhibit E & F, Document 1-3, filed May 24, 2017). Blockno stated in his email that he was providing the "consolidated financials as verification of

the ability of the "parent companies" of Mark Line to furnish the Bonds. The parent companies identified in spreadsheet containing the "consolidated financials" included Mosaic as well as companies named BMB Investments and MCG Cane Bay. Significantly, the "consolidated financials" reflect that Mosaic, owned through an entity named BMB-MCG, as of October, 2016, had a value of $20,842,034.00 and equity of $13,812,529.00.

On February 10, 2017, Blockno represented that the Bonds had been approved on the condition that a small ILOC (Irrevocable Letter of Credit) be secured from their bank. In response thereafter to numerous follow-up inquiries from Plaintiff as to the status of the Bonds, Blockno stated that they were simply waiting on Wells Fargo to issue the Letter of Credit. On March 9, 2017, the Bonds were still not issued. Blockno forwarded an email on March 20, 2017, stating "the Ownership" was "prepared to put up the cash required to back the bond" but only if agreed to renegotiate a new project plan. Soon after, Mark Line, without warning, closed its doors and ceased operating.

Significantly, the undersigned has received bank records for the bank account maintained by Mark Line with 1st Source Bank. One of the accounts maintained by Mark Line reveals that between October, 2016 and April, 2017, Mark Line transferred the sum of $120,853.46 to Mosaic. Mark Line also transferred during that same timeframe the sum of $113,540.45 to two of its other parent companies - BMB, LLC and MCG Cane Bay. Mark Line also inexplicably paid American Express bills totaling $399,045.55 between October, 2016 and April, 2017.

In a letter submitted in support of the application herein by Mosaic, Kory Reimann ("Reimann") claims to be Mosaic's sole remaining manager. (See Henry Reichner Declaration, Document 42-2, filed December 14, 2017, Exhibit A.). Interestingly, Reimann's uncertified letter provides no contact information for him, nor does his letter establish his interest as the sole

3

remaining manager of Mosaic. Reinman also fails to explain the means or authority by which Mr. Blockno, as a "managing director and principal" for Mosaic, was removed from that role.

Reimann also alleges in his letter that Mosaic has no assets. He fails to explain though what happened to the $20 million of assets Mosaic had just over a year ago as reflected in the "consolidated financials" which Blockno had provided to Plaintiff in December, 2016. Although stating that Mosaic now has no further assets upon which to pay counsel fees, Reimann offers no explanation as to what happened to those assets. He also offers no explanation as to what happened to the myriad of Mosaic's business investments. Just six months ago, on July 31, 2017, defendant, Remke, stated in a Declaration filed with this Court that "Mosaic has investments in several businesses, one of which is non-party Mark Line Holdings, LLC" (See Remke Declaration, Document 33-1, filed July 31, 2017, at ¶ 2.). There has been no explanation has been provided by Reimann detailing what happened to all those business interests.

By purging itself of counsel and willing to accept a judgment, Mosaic undoubtedly seeks to position itself to avoid being forced to respond to discovery detailing its involvement in the transaction with Plaintiff as well as that of its officers and managers. Mosaic further seeks to avoid being forced to disclose its financial and managerial intertwinement with Mark Line and its parent and related entities. Lastly, Mosaic strategically seeks to avoid producing discovery relative to its assets prior to the action herein being filed or pertaining to the transfer of its assets following the commencement of the lawsuit. This clearly is all just a charade.

## **LEGAL ARGUMENT**

Plaintiff is entitled to the requested discovery irrespective of whether Mosaic proceeds without counsel and despite its willingness to accept a judgment. Mosaic's decision to forgo counsel, together with its willingness to accept a judgment, is clearly nothing more than a veiled strategic attempt to limit its discovery obligations so to protect its officers and managers and to

4

52612601

insulate its related entities. Mosaic is willing to fall on its proverbial sword now that it has transferred all its assets to unknown persons and/or entities.

Pursuant to F.R.C.P. 26(b)(1), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Review of all relevant evidence provides each party with a fair opportunity to present an effective case at trial." Jones v. DeRosa, 238 F.R.D. 157, 163 (D.N.J. 2006). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation ... [and] either party may compel the other to disgorge whatever facts he has in his possession." Stepanski v. Sun Microsystems, Inc., No. CIV.A. 10-2700 PGS, 2011 WL 8990579, at *18 (D.N.J. Dec. 9, 2011), report and recommendation adopted, No. CIV.A. 10-2700 PGS, 2012 WL 3945911 (D.N.J. Sept. 10, 2012) (citing Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

Here, no defendant is claiming that the requested discovery is not relevant to this action. Defendants have simply failed to respond to Plaintiff's interrogatories and document demands. Mosaic is attempting to undermine Plaintiff's claims against all the defendants in this action by by refusing to respond to Plaintiff's discovery requests and to provide documents relevant to Plaintiff's claims. Knowing that the deadline has approached to provide the discovery, Mosaic strategically seeks to jettison its counsel and willing to accept a judgment as a means to avoid responding to discovery.

Mosaic's letter terminating Reed Smith LLP as counsel for Mosaic in this action was signed by "Kory Reimann". See Reichner's Declaration, Exhibit A. Although Reimann purports to be Mosaic's sole remaining manager, he offers no certified statement providing a basis for the

5

52612601

claim and provides no documentation attesting to his authority to act on behalf of Mosaic. As a basis for relieving its counsel, Reimann represents that Mosaic is without any assets to further pay counsel. He fails to explain, however, what happened to over $20.0 million in assets which it had as of October, 2016. Should the court grant Mosaic's application and permit counsel to be relieved from representing Mosaic, Plaintiff requests that an accounting first be provided of Mosaic's assets for the years 2016 and 2017. Plaintiff further requests that prior to Reed Smith LLP's termination as counsel, Reimann, on behalf of Mosaic, first be required to produce all outstanding discovery and remain obligated to continue to provide such continuing discovery.

Plaintiff further requests the right to seek sanctions against Kory Reimann personally if he fails to comply with the Court Ordered discovery. Rule 37 provides, in relevant part, that a party's failure "to obey an order to provide or permit discovery" allows "the court ... [to] issue further just orders." F.R.C.P. 37(b)(2)(A). Rule 37 requires "the court [to] order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 37(b)(2)(C); McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 249 (3d Cir. 2014). Sanctions for refusing to obey a discovery order can be sought against "a party or a party's officer, director, or managing agent[.]" F.R.C.P. 37(b)(2)(A).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Mosaic to fully respond to Plaintiff's discovery demands as a condition of relieving its counsel in this matter. Further, in light of the representations of Blockno and Remke of the substantial assets owned by Mosaic no more than a year ago, and its position now that it has no assets, Plaintiff requests that Mosaic be required to provide an accounting of all its assets for the years 2016 and 2017, including

the transfer, sale and/or disposal of said assets.

                                      Respectfully submitted,

                                      **FOX ROTHSCHILD LLP**

                                      /s/ Andrew J. Karas
                                      Andrew J. Karas, Esq.

Date:  January 2, 2018

52612601