# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| **LINUS HOLDING CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**MARK LINE INDUSTRIES, LLC, MOSAIC CAPITAL GROUP LLC, C. CHRISTOPHER REMKE, and JOSEPH C. BLOCKNO,**<br><br>Defendants. | CIVIL ACTION NO. 3:17-CV-03694-FLW-DEA |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S APPLICATION FOR A PROTECTIVE ORDER

**FOX ROTHSCHILD LLP**
Andrew J. Karas NJ 37931987
Marissa Koblitz Kingman NJ 110542014
49 Market Street,
Morristown, New Jersey
(973) 548-3316 (telephone)
Email: akaras@foxrothschild.com
Email: mkingman@foxrothschild.com
(973) 992-9125 (facsimile)
*Attorneys for Plaintiff, Linus Holding Corp.*

On the Brief:
Andrew J. Karas, Esq.
Marissa Koblitz Kingman, Esq.

54804139

## TABLE OF CONTENTS

                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PROCEDURAL HISTORY ................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 1

LEGAL ARGUMENT ......................................................................................................... 3

CONCLUSION .................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bro-Tech Corp. V. Thermax, Inc.*,
 No. 05-2330, 2006 WL 3337496 (E.D.Pa. Nov.16, 2006) ....................................................... 4

*Cipollone v. Liggett Group, Inc.*,
 785 F.2d 1108 (3d Cir. 1986) ................................................................................................. 4

*Financial General Bankshares, Inc. v. Lance*,
 80 F.R.D. 22 (D.D.C. 1978) ................................................................................................... 4

*Glenmede Trust Co. v. Thompson*,
 56 F.3d 476 (3d Cir. 1995) ..................................................................................................... 4

*Socodis-Bocchi Trading, Inc. v. M/V Humboldt Rex*,
 1992 WL 142030 (E.D.Pa.) .................................................................................................... 4

*Traynor v. Liu*,
 495 F. Supp. 2d 444 (D. Del. 2007) ....................................................................................... 4

*Triple Crown Am., Inc. v. Biosynth AG*,
 1998 WL 227886 (E.D.Pa.) .................................................................................................... 4

**Rules**

Federal Rules of Civil Procedure 30 and 26(c)(1)(B) ................................................................... 3

Plaintiff, Linus Holding Corp. ("Linus" and/or "Plaintiff"), by and through its undersigned counsel, Fox Rothschild LLP, submits the following Memorandum of Law in opposition to the motion filed by defendant, Joseph Blockno ("Blockno"), for a protective order directing that Blockno's deposition be taken in Orlando, Florida.

## PROCEDURAL HISTORY

On or about May 24, 2017, Plaintiff filed an Order to Show Cause and Verified Complaint against Mosaic Capital Group, LLC ("Mosaic"), Joseph C. Blockno ("Blockno"), C. Christopher Remke ("Remke") and Mark Line Industries, LLC ("Mark Line"). Thereafter, Plaintiff served deposition notices on all defendants. On or about February 27, 2018, counsel for Blockno forwarded correspondence to counsel for Plaintiff requesting that Blockno's deposition take place in the State of Florida. Counsel for Plaintiff responded by correspondence, dated March 5, 2018, advising that the proper venue for Blockno's deposition is in New Jersey. In response, Blockno filed a motion now before the Court for a protective order directing that Blockno's deposition be taken in Orlando, Florida.

## FACTUAL BACKGROUND

The Verified Complaint filed by Plaintiff asserts that on October 7, 2016, following negotiations between representatives of Plaintiff and defendants, including Blockno, Plaintiff entered into an Agreement with Mark Line to purchase modular units for a residential development project in Asbury Park, New Jersey. On October 12, 2016, Plaintiff tendered a 20% deposit in the amount of $790,000.00 to Mark Line. Defendants represented that the 20% deposit was necessary to purchase materials for the project. Pursuant to the terms of the written agreement entered into between the parties, as a condition precedent to the deposit, Mark Line was obligated to obtain Performance and Payment Bonds guaranteeing performance by Mark Line. Mark Line, however, failed to obtain the bonds. Nor did Mark Line purchase any materials for the project. Rather, as

revealed in documents produced in discovery, Mark Line used the funds to cover payroll as it had no available funds at the time with which to continue to operate. As further revealed in documents produced in discovery, at the time it received Plaintiff's deposit, Mark Line knew it could not obtain the required bonds. Six months later, in April, 2017, Mark Line closed its doors and ceased operating. Plaintiff's deposit simply vanished.

In August, 2016, Blockno, Mosaic's Managing Principal and Principal, had negotiated the key terms of the agreement for Plaintiff's purchase of modular units from Mark Line (Mosaic was the majority owner of Mark Line). Blockno had exchanged emails with Plaintiff's representatives, and also communicated by telephone, in an effort to persuade Plaintiff to enter a contract with Mark Line. The key sticking points had been the schedule of payments, including the initial deposit, the amount of the payments, and the obtaining of Payment and Performance Bonds by Mark Line to secure performance. The final agreement provided that the obtaining Payment and Performance Bonds by Mark Line was a condition precedent of payment of the initial 20% deposit which was agreed upon. After the Agreement was executed on October 7, 2016, Mark Line pressed Plaintiff to immediately wire the deposit monies. The deposit monies were wired by Plaintiff to Mark Line on October 12, 2016.

Recent discovery produced by Blockno reveals that the need for the 20% deposit Mark Line was not to secure the purchase of materials. Rather, the deposit from Plaintiff was needed to cover payroll as Mark Line was essentially out of working capital. Further, recent discovery revealed that at the time the Plaintiff wired the deposit to Mark Line, Mark Line knew that it was incapable of obtaining the required bonds. Thus, Mark Line knew that upon receipt of the deposit monies from Plaintiff it could not provide the Bonds (a condition precedent under the terms of the Agreement). At no time, though, was it ever disclosed to Plaintiff that Mark Line did not intend

to purchase any materials with the deposit monies or that Mark Line was incapable of obtaining the Bonds.

After receiving the deposit monies, and continuing until ceasing operations in April, 2017, representatives of Mark Line and Blockno on behalf of Mosaic stonewalled Plaintiff relative to the to the status of the Bonds.  By way of example, on February 10, 2017, Blockno represented that the Bonds had been approved on the condition that a small ILOC (Irrevocable Letter of Credit) be secured from their bank.  Responding to numerous follow-up inquiries from Plaintiff as to the status of the ILOC, Blockno stated that they were simply waiting on Wells Fargo to issue the Letter of Credit.  A month later, still with no Bonds being issued, Blockno forwarded an email to Plaintiff this time stating "the Ownership" was "prepared to put up the cash required to back the bond" but only if agreed to renegotiate a new project plan. A month after that, Mark Line closed its doors and ceased operations.

Despite its being in financial hot water, from October, 2016 through April, 2017, Mark Line transferred to Mosaic the sum of $120,853.46 and to its related entities (BMB, LLC and MCG Cane Bay) the sum of $133,540.45.

**LEGAL ARGUMENT**

The place of taking a deposition is controlled by Federal Rules of Civil Procedure 30 and 26(c)(1)(B).  If the person to be examined is a party to the action, a subpoena is not required and the notice is sufficient to require his or her attendance. The examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place.  A party must attend at the place stated in the notice unless the party obtains an order of the court changing the place pursuant to Rule 26(c).

Rule 26(c) "places the burden of persuasion on the party seeking the protective order.  To

3

overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Traynor v. Liu*, 495 F. Supp. 2d 444, 452 (D. Del. 2007) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)). "Good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Id*. (citing *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995)).

While there is a "general presumption that a defendant's deposition will be held in the district of the defendant's residence," *Traynor, supra*, at 452, it is not improper to require defendants to appear for the taking of their deposition in the city in which the trial will be held. *Financial General Bankshares, Inc. v. Lance*, 80 F.R.D. 22 (D.D.C. 1978). "In circumstances where justice requires, the court may order that such depositions be taken at another location." *Triple Crown Am., Inc. v. Biosynth AG,* 1998 WL 227886, at *3 (E.D.Pa.) In other words, "the rule is not inflexible and is subject to modification." *Bro-Tech Corp. V. Thermax, Inc.,* No. 05-2330, 2006 WL 3337496, at *2 (E.D.Pa. Nov.16, 2006). Reasons for not adhering to the general rule include: financial hardship, including travel expense or disruption of its business, *Socodis-Bocchi Trading, Inc. v. M/V Humboldt Rex,* 1992 WL 142030, at *3 (E.D.Pa.); "the need to have the court readily available to exercise its authority to resolve discovery disputes" given a history in the litigation of difficult depositions; and "the convenience to counsel of conducting the deposition," *Bro-Tech Corp., supra,* 2006 WL 3337496, at *2, for example, where both counsel practice in the same city, although this reason is less important than hardship to the parties. *Socodis-Bocchi Trading, Inc., supra,* 1992 WL 142030, at *3.

Undoubtedly, in light of the hundreds of thousands of dollars with which defendants have absconded in this matter, the significant discovery disputes which have arisen in the litigation, and

4

54804139

which continue to arise, and the fact that all counsel in this matter are located in or near the forum district, the proper venue for Blockno's deposition is here in New Jersey.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Blockno's motion for a protective order.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ Andrew J. Karas
Andrew J. Karas, Esq.

Date:  April 2, 2018