**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINUS HOLDING CORP., | : |
| | : |
| Plaintiff, | : Civil No. 17-3694 (FLW)(DEA) |
| v. | : |
| | : **ORDER** |
| MARK LINE INDUSTRIES, LLC, et al., | : |
| | : |
| Defendants. | : |

This matter comes before the Court on a Motion [dkt. no. 51] by Defendant Joseph C. Blockno for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Mr. Blockno is "the founder and Managing Principal of Mosaic Capital," which entity is principally located in Orlando, Florida, and is the corporate parent of Mark Line Industries, LLC (cumulatively, "Defendants"). Complaint, ¶¶ 4-5. On May 24, 2017, Plaintiff filed this breach of contract action against Defendants, and has since served deposition notices which designate New Jersey as the situs for Mr. Blockno's deposition.

Now, Mr. Blockno seeks a protective order directing that his deposition shall instead take place in Orlando, Florida, the location in which he is employed and resides. Plaintiff opposes the Motion.

As a general rule, an "examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place." *Campbell v. Detert*, No. 11-642, 2013 U.S. Dist. LEXIS 45981, at *35 (D.N.J. Mar. 28, 2013) (citation and quotations omitted). That Rule, in relevant part, provides that a district "court may, for good cause, issue an order to protect a party or person from

1

annoyance, embarrassment, oppression, or undue burden or expense" in connection with the "time and place" of discovery. Fed. R. Civ. P 26(c)(1)(B). Accordingly, Rule 26 authorizes a district court to issue a protective order upon a moving party's showing of good cause, which burden is satisfied when that party "specifically demonstrate[s] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citations omitted).

Mr. Blockno argues that a protective order is warranted by the circumstances presented, because "there is a presumption that the deposition of a non-forum defendant will take place where that defendant resides." Memorandum in Support of Defendant's Application for a Protective Order, at 1. Based on this presumption, Mr. Blockno contends that his deposition should take place in Orlando, Florida, as opposed to the forum in which Plaintiff brings this action, *i.e.*, New Jersey. *Id.* The Court agrees.

"Under the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery," which authority includes determining the location of a party's deposition. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995) (citations omitted); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 519 (D.N.J. 2005). In exercising this discretion, district courts are guided by the following well-settled principle; "as a general rule, if a deponent lives a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides." *First Fidelity Bancorporation v. National Union Fire Ins. Co.*, No. 90-1866, 1992 U.S. Dist. LEXIS 3367, at *17-18 (E.D. Pa. Mar. 5, 1992) (citations omitted); *Exxon Mobil Corp.*, 941 F. Supp. at 519; *Traynor v. Liu*, 495 F. Supp. 2d 444, 452 (D. Del. 2007); *Twardzik v. Sepauley*, 286 F. Supp. 346, 350 (E.D. Pa. 1968); *J.K. v. CSX Transp., Inc.*, No. 14-729, 2015 U.S.

Dist. LEXIS 30958, at *3 (E.D. Pa. Mar. 13, 2015); *Kennedy v. Jennelle*, No. 90-7192, 1991 U.S. Dist. LEXIS 2136, at *1 (E.D. Pa. Feb. 22, 1991); *Simkins Corp. v. Wahnschaff Corp.*, No. 85-6704, 1986 U.S. Dist. LEXIS 29816, at *1 (E.D. Pa. Jan. 31, 1986) (citations omitted). Therefore, when a dispute in connection with the situs of a deposition arises, district courts routinely defer to the defendant's preference on the grounds that it "neither [chose] the cause of action nor the place of its bringing." *J.K.*, 2015 U.S. Dist. LEXIS 30958, at *4 (citation and quotations omitted).

The circumstances presented here do not warrant a deviation from this clearly established principle, but rather support that the appropriate location for Mr. Blockno's deposition is Orlando, Florida. Indeed, the Complaint identifies Mr. Blockno as "the founder and Managing Principal of Mosaic Capital," with a principal place of business in Orlando, Florida. Complaint, ¶¶ 4-5. In that connection, counsel has provided a sworn certification stating that Mr. Blockno "lives and works in the Orlando, Florida area." Declaration of Henry F. Reichner (dated March 22, 2018), ¶ 2. In light of these circumstances and the applicable presumption above, the Court finds that Mr. Blockno would be significantly burdened by traveling to New Jersey for a deposition. *First Fidelity Bancorporation*, 1992 U.S. Dist. LEXIS 3367, at *17 (holding that a protective order will "undoubtedly avoid the undue burden, expenses, and lost time from work due to traveling to [a] deposition site" which is a significant distance from a deponent). Therefore, Mr. Blockno has satisfied the standard for the issuance of a protective order which designates Orlando, Florida as the situs for his deposition.

Nevertheless, Plaintiff contends that this Court should refrain from applying the presumption above and reject Mr. Blockno's preference for the location of his deposition. Opposition to Defendant's Application for a Protective Order, at 4. For support, Plaintiff's argument is confined to the following, conclusory sentence. "Undoubtedly, in light of the hundreds

of thousands of dollars with which defendants have absconded in this matter, the significant discovery disputes which have arisen in the litigation, and which continue to arise, and the fact that all counsel in this matter are located in or near the forum district, the proper venue for Blockno's deposition is here in New Jersey." *Id*. at 4-5. The Court is not persuaded by these contentions.

Here, Plaintiff appears to argue that a dispute which requires Court intervention may arise during Mr. Blockno's deposition. To the extent that such a dispute does occur, Plaintiff's concern can be easily addressed through a mere telephone call to the Court, at which time the parties can articulate their differences and the Court will provide an appropriate manner by which to proceed. Significantly, the parties would engage in the same method of resolution regardless of whether Plaintiff designates Florida or New Jersey as the location for Mr. Blockno's deposition. Therefore, this generic concern is an insufficient basis to refrain from applying the general rule. Nor do Plaintiff's additional arguments warrant a different outcome. Although Plaintiff correctly notes that Mr. Blockno's attorney is located in New Jersey, the presumption above gives preference to the burden placed on the parties. *See Clean Air Council v. Dragon Int'l Group*, No. 06-0430, 2007 U.S. Dist. LEXIS 89565, at *3 (M.D. Pa. Dec. 5, 2007). Thus, Plaintiff has failed to sufficiently distinguish this case "from the ordinary run of civil cases," such that the general rule is inapplicable. *J.K.*, 2015 U.S. Dist. LEXIS 30958, at *4 (citation and quotations omitted).[1] Accordingly,

**IT IS** on this 1st day of May, 2018

---

[1] As an alternative, the Court notes that Plaintiff may conduct Mr. Blockno's deposition by video-conference pursuant to Rule 30(b)(4), which provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

**ORDERED** that Defendant's Motion [dkt. no. 51] for a protective order is GRANTED; and it is further

**ORDERED** that Plaintiff shall serve a new notice upon Mr. Blockno designating a location in Orlando, Florida for the taking of his deposition.

s/ Douglas E. Arpert
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE
